[No. 9473. Department Two. — November 23, 1886.]

JULIET A. GILBERT, APPELLANT, *v.* J. M. SLEEPER, RESPONDENT.

CONTRACT FOR EXCHANGE OF LANDS — POSSESSION OF — RIGHTS OF PARTY TO CONTRACT — TRUST. — In September, 1875, one Jacob Gilbert, being the owner of certain lands including the premises in controversy, entered into a verbal agreement with the defendant, who held a certificate of purchase from the state to an adjoining tract of swamp and overflowed land, for the exchange of certain parcels of their lands. Under the contract, each party was to take and thenceforth hold possession of the parcel given him, and they were to exchange deeds whenever the defendant obtained a patent for his land from the state. In pursuance of the contract, Gilbert took possession of the parcel given him, and so remained until his death in April, 1882, since which time the plaintiff, his widow, has continued in possession without offering to return it to the defendant. When the contract was made, the defendant was in possession of the parcel given him, and has ever since so remained without objection from Gilbert or the plaintiff, and has erected valuable improvements thereon. On the 3d of December, 1881, Gilbert conveyed his property, including the premises in controversy, to the plaintiff, upon her agreeing that when the defendant should obtain a patent for his land, she would execute to him a deed for the premises in controversy, in accordance with the terms of the contract of exchange. On the 6th of December, 1881, the plaintiff filed a homestead upon all the land conveyed to her by her husband, and on the 30th of January, 1883, commenced this action to recover possession of the parcel held by the defendant. On the 20th of February, 1883, the defendant received a patent for his land from the state, and on the 10th of March following, he tendered to the plaintiff a deed of the parcel which her husband had taken in exchange, but she refused to accept it. The defendant filed a cross-complaint in the action, setting forth the foregoing facts, and prayed for a conveyance of the land to him. *Held,* that the plaintiff, having acquired the land with notice of the equities of the defendant, held the legal title thereto in trust for him.

ID. — STATUTE OF LIMITATIONS — ACQUIESCENCE — POSSESSION BY CESTUI QUE TRUST. — *Held further,* that the right of the defendant to demand a deed from the plaintiff was not barred by the statute of limitations, — 1. Because the statute had not been pleaded; 2. Because the grantor of the plaintiff had acquiesced in the delay of the defendant in procuring his patent; and 3. Because the statute does not run in favor of a trustee as against his *cestui que trust* while the latter is in possession of the trust estate.

ID. — HOMESTEAD. — *Held further,* that the rights of the defendant were not impaired by the declaration of homestead filed by the plaintiff.

APPEAL from a judgment of the Superior Court of Lake County, and from an order refusing a new trial.

The facts are stated in the opinion.

*R. W. Crump*, for Appellant.

*Eugene W. Britt*, for Respondent.

BELCHER, C. C.— This is an action to recover posses-
sion of 17.67 acres of land. The defendant answered,
and by way of cross-complaint set up an equitable de-
fense. The plaintiff demurred, and then answered to the
cross-complaint. After trial, judgment was entered in
favor of the defendant, from which, and from an order
denying a new trial, plaintiff appealed.

The demurrer to the cross-complaint was properly
overruled. If the facts were as alleged, the plaintiff
held the legal title to the land in controversy in trust
for the defendant, and he was entitled to the relief de-
manded.

It appears from the record that in September, 1875,
one Jacob Gilbert, the husband of plaintiff, was the
owner of 160 acres of land in Lake County, and the de-
fendant had a certificate of purchase from the state of
a tract of swamp and overflowed land lying adjacent
thereto. In that month the parties entered into a verbal
contract to exchange parcels of their lands, Gilbert tak-
ing the parcel described in the cross-complaint, and the
defendant the parcel described in the complaint. Under
the contract, each party was to take and thenceforth hold
possession of the parcel given him, and they were to ex-
ecute deeds, each to the other, whenever the defendant
should obtain a patent for his land from the state. Gil-
bert took possession of the parcel given him, and re-
mained in possession of it till he died in April, 1882,
and since his death the plaintiff has continued in pos
session without offering to surrender it to the defendant.
When the contract was made, defendant was in posses-
sion of the parcel given him, and has ever since con-
tinued in such possession, and without objection from

Gilbert or plaintiff, has placed permanent improvements on the land of the value of four hundred dollars. On the third day of December, 1881, Gilbert, being then in very bad health, under advice given him by defendant, and to save the expense and trouble of a settlement of his estate in the Probate Court, for the expressed consideration of five dollars conveyed all of his property, including the 160 acres of land before mentioned, to the plaintiff.

Before making the deed, he exacted from plaintiff, and she agreed, that when defendant should obtain a patent for his swamp-land from the state, she would execute to him a deed for the land in controversy, in accordance with the terms of the contract for exchange. On the sixth day of December, 1881, plaintiff filed a homestead upon all the land conveyed to her by her husband, and on the thirtieth day of January, 1883, she commenced this action. The defendant paid the balance of the purchase-money due on his swamp-land in December, 1881, and on the 20th of February, 1883, received a patent therefor. Thereafter, on the 10th of March following, he tendered to plaintiff a good and sufficient deed of the parcel which her husband took in exchange, and which is described in the cross-complaint, and she refused to accept it.

The court below found the facts to be substantially as above stated, and as a conclusion of law decided: " That plaintiff took the deed of December 3, 1881, which included the land here by her demanded, charged with the duty of conveying to the defendant such demanded premises in accordance with the previous promise of her husband, and upon receiving a deed from defendant for the 17.67 acres of land described in his cross-complaint."

The Civil Code provides as follows: —

" Exchange is a contract by which the parties mutually give, or agree to give, one thing for another, neither thing, or both things, being money only." (Sec. 1804.)

"The provisions of the title on sale apply to exchanges. Each party has the rights and obligations of a seller as to the thing which he gives, and of the buyer as to the thing which he takes." (Sec. 1806.)

Under these sections, a contract for the exchange of lands is a contract of sale, which, as in other cases of contracts for the sale of lands, may be enforced in a court of equity by a decree for specific performance. (*Bigelow* v. *Armes*, 108 U. S. 10.)

When, therefore, Gilbert and defendant agreed to exchange their lands, and under the contract took possession of the parcels exchanged, each became the vendee and equitable owner of the parcel received by him. The legal title was retained by the seller, but it was held by him in trust for the buyer, to be thereafter conveyed at the stipulated time and on the stipulated conditions. If Gilbert had lived, and retaining the legal title in himself, had commenced this action, there can be no question that a defense to the action, like that interposed here, would have been entirely good.

Has the plaintiff any greater rights than her husband would have had in the case supposed? We fail to see that she has.

"It is a universal rule, that if a man purchases property of a trustee, with notice of the trust, he shall be charged with the same trust in respect to the property as the trustee from whom he purchased. And even if he pays a valuable consideration, with notice of the equitable rights of a third person, he shall hold the property subject to the equitable interests of such person. Of course a mere *volunteer*, or person who takes the property without paying a valuable consideration, will hold it charged with all the trusts to which it is subject, whether he have notice or not; for in such case no wrong or pecuniary loss can fall upon him, in compelling him to execute the trust to which the property that came to

him without consideration was subject." (Perry on Trusts, sec. 217.)

It is unnecessary to consider whether the plaintiff paid a valuable consideratiou for the property conveyed to her by her husband or took the title as a mere volunteer, for the reason that, when she received her deed, she had actual knowledge of the exchange that had been made, and of all its attending circumstances. It must follow, then, that the plaintiff took the title charged with all the rights, liabilities, and duties which at that time rested upon her grantor.

But it is insisted that defendant lost the right to demand a deed from the plaintiff, because he did not perfect his title and tender his deed until after the commencement of this action, and so his cause of action was barred by the provisions of section 339 of the Code of Civil Procedure.

There are two sufficient answers to this: 1. The statute of limitations was not pleaded; and 2. Gilbert, while he held the title, acquiesced in defendant's delay in procuring his patent; and besides, the statute never runs in favor of a trustee as against his *cestui que trust* while the latter is in possession of his estate. (*Love* v. *Watkins*, 40 Cal. 547; *Beebe* v. *Dowd*, 22 Barb. 255.)

There was no error in refusing to admit in evidence plaintiff's declaration of homestead. Obviously she could not, by filing it, defeat or impair the previously existing rights of defendant.

The point is made that defendant has no title to a small part of the land described in his cross-complaint as having been exchanged to Jacob Gilbert. No such issue was presented by the pleadings or appears to have been raised at the trial. On the contrary, the pleadings admit that the legal title was in the defendant, and the court so found.

On the whole, we find no error in the record, and the judgment and order should be affirmed.

Searls, C., and Foote, C., concurred.

The Court. — For reasons given in the foregoing opinion, the judgment and order are affirmed.