[No. 12062.    Department Two. — September 20, 1887.]

BARTON D. ANSON, Appellant, v. ALICE TOWNS-
END, Respondent.

73  415
77  317
73  415
126  663

Statute of Frauds — Parol Gift of Land — Donee in Possession —
Ejectment — Legal Title. — The action was brought to recover the
possession of certain land to which the defendant claimed to be entitled
under a parol gift from her father-in-law. At the time of the gift the
defendant was in possession of the premises, and subsequently so con-
tinued, without making any improvements thereon, until the house in
which she resided was destroyed by fire. After the fire, and subsequent
to the death of the donor, the person to whom the land was distributed
upon the settlement of his estate, without objection from the defendant,
erected a new house thereon, of which the defendant surreptitiously took
possession. The gift was made upon an understanding that the defend-
ant would continue to support and educate her minor child. Held, that
the gift was void under the statute of frauds, and that the defendant
had acquired no equitable rights which could prevail against the legal
title.

Id. — Real Party in Interest — Holder of Legal Title — Trustee. —
The holder of the legal title to land, although a trustee for a third per-
son, is the real party in interest, and may maintain an action in his own
name to recover the possession.

Appeal from a judgment of the Superior Court of
Tehama County, and from an order refusing a new trial.

The action was brought to recover the possession of
certain land, and was tried before a jury. As a defense
to the action, the defendant set up a right to the posses-
sion under a parol gift from a former owner of the land.
A verdict was rendered in favor of the defendant, in ac-
cordance with which judgment was entered. The further
facts are stated in the opinion.

*Chipman & Garter*, and *J. F. Ellison*, for Appellant.

*T. J. Matlock*, and *R. B. Snelling*, for Respondent.

Belcher, C. C. — The principal questions involved in
this case relate to the validity of an alleged parol gift of
real property. The property in question consists of cer-

tain lots in the town of Red Bluff, which, in June, 1882, were owned by Abraham Townsend, and on which there was then a small dwelling-house. The defendant claims that Abraham Townsend made her a parol gift of the lots on the 8th of June, 1882, and that she thereby acquired a right to them, which a court of equity will protect as against the legal title.

The facts upon which this claim is based may be briefly stated as follows: The defendant was the wife of Wilbur Townsend, and he was the son of Abraham Townsend. Wibur had deserted defendant, leaving her with a young child named Grace, and with no means to support herself and child except her own labor. Defendant was in the house, living there, when, on the 8th of June, 1882, and upon the premises, as she testifies: "He [Abraham Townsend] told me he give me the property; it was mine if I would take good care of Gracie, and educate her, and bring her up right. . . . . He gave me the key to the front part of the house, and told me it was mine; the house was mine."

Mollie Kennedy was a witness for defendant, and testified that she "heard a conversation between A. Townsend and the defendant relative to the property in dispute. It was on June 8, 1882, I heard A. Townsend tell her that she could have the home, and it was hers, and for her always to take good care of Gracie, and that the home was hers. He gave her a key to the house. She said: 'Mr. Townsend, can I plant some vines out in front? I want to make a shade.' He said: 'Yes; you can do whatever you want to with the house; the house is yours; I give you this house; it is yours.' He said for her always to take good care of Gracie, and give her a good education; and Gracie came around, and kissed him, and says: 'Gran'pa, you ain't going to throw me out in the street?' And he says: 'No; I never intended to.'"

Thereafter the defendant continued to occupy the

house until some time in the spring of 1883, when it was burned down. The lots were then vacant and unoccupied until the fall of 1884. Early in June, 1883, Abraham Townsend died. Administration was had upon his estate, and in September, 1884, the lots in question were distributed to Mrs. Etterville Townsend, the widow of deceased. After the distribution, Mrs. Townsend erected a new house on the lots. In reference to this new house and her possession of it, defendant testified: "Mrs. E. Townsend put it there, and after the death of A. Townsend, I did not object to her building on the place; I was living in town at the time it was built; I did not pay for any part of the house that is now on the property; I moved into it about a week after it was completed; the widow Townsend did not give me a key to it; I went in at the back door; it was unlocked. The front door was locked, and the key was on the inside of the door. It was dusk when I moved in; I did not get Mrs. Townsend's consent before I went in."

The foregoing is substantially all of the testimony on which defendant rests her case; and the question is, Does it show such a gift of the lots as a court of equity will enforce?

It is of course settled law that courts will compel the specific performance of parol contracts for the sale of real property where there has been a part performance of the contracts. And parol gifts will be enforced under like circumstances and conditions as parol sales. (*Freeman* v. *Freeman,* 51 Barb. 306, and 43 N. Y. 34; *Manly* v. *Howlett,* 55 Cal. 94; *Bakersfield T. H. Ass'n* v. *Chester,* 55 Cal. 102.)

But it is not always easy to determine what acts will constitute a sufficient part performance to remove a case from the operation of the statute of frauds. The general rule is, that nothing will be considered a part performance which does not put the purchaser or donee in a situation which is a fraud upon him, unless the agree-

ment is fully performed.   (Fry on Specific Performance, sec. 388; *Edwards* v. *Estell*, 48 Cal. 196.)

And before any acts otherwise sufficient can be treated as a sufficient part performance, it must appear that they were done in pursuance or fulfillment of the parol agreement, or in just reliance thereon.   They must be done with a view to the agreement, and be referable exclusively thereto.   (Story's Eq. Jur., secs. 762–764; *Miller* v. *Ball*, 64 N. Y. 286; *Jervis* v. *Smith*, 1 Hoff. Ch. 470.)

Moreover, equity will not enforce the specific performance of a contract where the party asking its enforcement cannot be compelled to perform it specifically on his part.   " The contract must be just and equal in its provisions, and the subject-matter must be such that equity can take jurisdiction of it, and compel performance by both of the parties.   The remedy must be mutual as well as the obligation; and where the contract is of such a nature that it cannot be specifically enforced as to one of the parties, equity will not enforce it against the other."   (*Cooper* v. *Pena*, 21 Cal. 403.)

Now, looking at the case made by the defendant, how can it be said that a refusal to enforce the alleged gift will operate as a fraud upon her?

She entered into the possession of the property, not under or in pursuance of the gift, but in advance of its being made.   She made no improvements upon the property, but simply occupied the house till it was burned down.   She stood by while Mrs. Townsend, the distributee of the lots, erected a new house thereon, making, so far as appears, no claim to them, and when the house was completed, surreptitiously took possession of it.   She paid nothing, and did nothing, except to support her little girl, which she was legally bound to do in any event.   The grandfather of the child was not legally bound to support and educate her, and his promise to do so, if made, could not have been enforced.   (*Mills* v. *Wyman*, 3 Pick. 207.)

In our opinion, the gift, if made as claimed to have been, was within the statute of frauds, and void.

The point was made at the trial that the plaintiff was not the real party in interest, but was suing for and in the interest of Mrs. Etterville Townsend, who had conveyed the property to him by deed.

Upon this point, the court, of its own motion, instructed the jury as follows: " Under the Code of Civil Procedure, every action must be brought in the name of the real party in interest, and it is the province of the jury to say from the evidence who that party is,—whether it is Mrs. Abraham Townsend or the plaintiff. Should the jury find from the evidence that the plaintiff in this action is not the real party in interest, but that the real party in interest is Mrs. Abraham Townsend, then their verdict should be for the defendant."

The instruction was clearly erroneous, for two reasons: 1. We find nothing in the evidence to justify such an instruction; and 2. As the plaintiff had the legal title, it did not concern the defendant whether he held it in trust for Mrs. Townsend or not. So far as concerned the defendant, he was the real party in interest, and might sue in his own name. ( *Walker* v. *McCusker,* 71 Cal. 594.)

The judgment and order should be reversed, and the cause remanded for a new trial.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed, and cause remanded for new trial.