[No. 12764.  In Bank. — November 1, 1888.]

<div style="float:right">77  315<br>81  208</div>

# HIRAM BURLINGAME, APPELLANT, *v.* D. W. ROWLAND, RESPONDENT.

SPECIFIC PERFORMANCE — PAROL AGREEMENT TO CONVEY LAND — PART PERFORMANCE. — Equity will compel the specific performance of a parol agreement, made by a father with his daughter, to convey certain land to her if she would take possession thereof and live upon it, when the agreement has been acted upon and partly performed by her; and it is a sufficient part performance if she moves upon the land and erects valuable improvements thereon.

ID.—AGREEMENT TO CONVEY, HOW CONSTRUED. — An agreement by the equitable owner of land to convey the same "when he could make a deed" will be construed as an agreement to convey the fee-simple title as soon as such title vested in him.

ID. — EVIDENCE — CONCLUSIONS OF WITNESS INADMISSIBLE. — In an action for the specific performance of a parol agreement to convey land, questions asked the defendant as to whether he had ever said anything to lead the plaintiff to believe that she was going to obtain title or a deed of the land, or whether he intended to give her more than a life estate, are properly excluded, because asking for a conclusion of the witness.

ID. — ADMISSION OF CONVEYANCE. — In such an action, evidence of a statement by the defendant that he had given the land to the plaintiff, although not made in the hearing of the latter, is admissible as an admission of the gift.

Appeal from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*P. W. Dooner,* for Appellant.

*Winslow & Hester,* for Respondent.

Works, J.—This is an action to quiet title, the complaint being in the usual form. The answer denies the material allegations of the complaint, and sets up affirmative matter to the effect that plaintiff was the equitable owner and in possession of the property in controversy; that while so in possession, he promised and agreed with his daughter, one Lillie Rowland, that if she would take possession of the property and live upon it with her husband and family, he would give the same to her, and make her a conveyance when he was able to do so; that she and her husband took possession of the property under said agreement, and made valuable and lasting improvements; that plaintiff subsequently became the owner of the legal title to the property, and the daughter demanded a deed from him, which he declined to give; that the said Lillie Rowland has since deceased, and the defendants are her heirs, and one of them the administrator of her estate.

A cross-complaint was also pleaded, setting up the same facts, substantially, and praying for a specific performance of the contract. The court found for the defendants, both upon the answer and cross-complaint, and decreed that plaintiff held the title in trust for the estate of his daughter, and that he execute a conveyance to the administrator of her estate within sixty days. There was a motion by the plaintiff for a new trial, which was denied, and he appeals.

The findings of the court below are very full, and cover all the issues.

It is insisted that some of the findings are not sustained by the evidence.

We have gone carefully through the evidence, and are of the opinion that the findings referred to are very clearly and fully supported thereby. There does not seem to us to be any ambiguity as to the agreement. The evidence shows a plain, unequivocal promise to convey the property, which is fully identified and located. It sufficiently appears that, acting upon this promise, the daughter and her family went upon the property, which was wholly unimproved, moved a house upon it, erected other buildings, and cultivated the land. The authorities are clear that such a contract, acted upon and partially performed, as shown here, may be specifically enforced. (*Manly* v. *Howlett*, 55 Cal. 94, 97; *Bakersfield T. H. Ass'n* v. *Chester*, 55 Cal. 98, 102; *Anson* v. *Townsend*, 73 Cal. 415; *Freeman* v. *Freeman*, 51 Barb. 306.)

The agreement proved was to give the property absolutely, and to execute a deed therefor. It is contended that this cannot be construed as an agreement to give and convey more than a life estate, and that therefore the finding and judgment that the defendants were entitled to a fee-simple title is erroneous. We cannot concur in this view. The promise made must be construed as one to convey the whole of the promisor's title. It is true he owned but an equitable title at the time of making the promise, but his agreement was to convey when he could make a deed. We think the court below properly held this to be a promise to convey the fee-simple as soon as such title vested in him.

The plaintiff, testifying in his own behalf, was asked this question:—

"Q.—Did you, at any time, say anything which led her to believe she was going to obtain title or a deed of the land from you?"

The question was objected to, and the objection sustained. This is relied upon as error.

The question was clearly improper, as asking for a conclusion of the witness, and the objection was properly sustained. But if this were not so, the witness was allowed to state fully just what he did say, which rendered the ruling unimportant.

A witness was asked for a conversation between the plaintiff and himself, in which the former stated that he had given the property to his daughter. This was objected to because the statement did not appear to have been made in the presence of Mrs. Rowland, and being after she had taken possession of the property, could not have influenced her. The evident object of the testimony was to prove an admission by the plaintiff that he had made the gift, as claimed by the defendants, and for that purpose it was competent and material.

The plaintiff was asked whether, by the conversations had with his daughter, he *intended* to give her more than a life estate in the property. Objection being made, the evidence was excluded, and properly. The question called for a conclusion as to what his intention was, which could not be heard to vary or affect in any way the legal effect of the transaction.

We find no error in the record.

The judgment and order denying a new trial are affirmed.

McFARLAND, J., SEARLS, C. J., SHARPSTEIN, J., and PATERSON, J., concurred.