[No. 11644.  In Bank. — October 11, 1889.]

JAMES SMITH ET AL., APPELLANTS, v. WILLIAM
MATTHEWS, EXECUTOR, ETC., OF HENRY P. IRVING,
DECEASED, RESPONDENT.

PLEADING — CORRECTING MISTAKE IN DEED — QUIETING TITLE. — A com-
plaint, although insufficient for the purpose of correcting a mistake
in a deed, may, if it states facts sufficient to constitute such a cause of
action, be considered as a complaint to quiet title to the portion of the
land erroneously included in the deed.

STATUTE OF LIMITATIONS — PLAINTIFF IN POSSESSION CLAIMING OWNER-
SHIP. — The right of a grantor to have his title quieted as to land in-
cluded in a deed by mistake, as against the claim asserted by the de-
fendant under the deed, cannot become barred while the grantor remains
in the actual possession of the land, claiming to be the owner thereof,
and the actual owner, as against the defendant, of all interest therein
except the mere naked title.

APPEAL from a judgment of the Superior Court of
Alameda County.

The facts are stated in the opinion of the court.

*Mich. Mullany, Aylett R. Cotton,* and *W. H. H. Hart,* for
Appellants.

*William Matthews,* and *George Leviston,* for Respondent.

WORKS, J.—This case was affirmed on a former hear-
ing, and a rehearing granted. The only question in the
case is as to the sufficiency of the complaint. The com-
plaint seems to have been regarded and treated by the
parties, by the court below, and by this court on the
former hearing, as one to correct a mistake in a deed
conveying real estate. So treated, the complaint was
clearly bad, on the grounds stated in the former opinion.
But on further consideration, and by sorting out a few
simple and proper allegations from a mass of irrelevant
and surplus matter that never should have been in it,
and which has only tended to confuse the real questions
involved, and which has so far resulted in the appel-

lants' defeat, we have concluded that while the complaint is bad as one to correct a mistake, it states facts sufficient to constitute a cause of action to quiet title. If attorneys could be induced to plead, as required by section 426 of the Code of Civil Procedure, by stating "the facts constituting the cause of action in ordinary and concise language," instead of loading their pleadings with a detailed history of their case and the evidence by which their cause of action is to be established, they would save themselves and the courts a great deal of unnecessary labor, materially simplify the practice, save much expense to their clients, and sometimes avoid a decision against them, because of the extreme difficulty of understanding what their cause of action is.

Looking at the evidence pleaded in this complaint, in addition to the allegations of fact, it proves, if properly detailed in the complaint, that the plaintiffs' grantor attempted to convey certain lands to the defendant's grantor; that by a mistake in locating one of the monuments, too much land was included in the deed; that the land thus improperly included in the deed was never taken possession of by the defendant, or any of his grantors, but has for many years, and ever since the conveyance, remained in the actual possession of the plaintiffs and their grantors. The right of the plaintiffs to have their title to the land quieted, as against a claim asserted by the defendant under this deed, was not barred, and could not be, while the plaintiffs and their grantors remained in the actual possession of the land, claiming to be the owners thereof, and the actual owners, as against the defendant, of all interest therein except the mere naked title. (*Day* v. *Cohn*, 65 Cal. 508; *Barroilhet* v. *Anspacher*, 68 Cal. 121; *Love* v. *Watkins*, 40 Cal. 563; 6 Am. Rep. 624.) We think, therefore, that the complaint states a cause of action to quiet title. Instead of pleading the evidence, it would have been much better if counsel for appellants had set up the facts and allowed the

defendant to plead the statute of limitations; but this violation of good pleading has not rendered their complaint wholly bad. There were other objections to the complaint in the demurrer, but none of them are well taken, and they have not been pressed in this court.

Judgment reversed, with instructions to the court below to permit the plaintiffs to amend their complaint if they so desire; but if not amended, to overrule the demurrer thereto, and proceed in accordance with this opinion.

SHARPSTEIN, J., and FOX, J., concurred.

BEATTY, C. J., concurred in the judgment.

McFARLAND, J.—I dissent. I do not think that the complaint avers that plaintiffs have been in possession of the land in contest since the execution of the deed. On the contrary, I think there is a marked attempt to avoid making such an averment. And that being so, it follows clearly that the alleged cause of action was barred long before the suit was commenced. I think that the judgment should be affirmed.