[13418.   Department One. — November 18, 1889.]

CHARLES MANNING, Respondent, *v.* J. B. FRANK- LIN, Appellant.

81  205
e147 757

CONTRACT OF SALE — LIFE ESTATE — TENANCY AT WILL — STATUTE OF FRAUDS — PART PERFORMANCE — PERSONAL SERVICES — UNLAWFUL DE- TAINER. — A verbal contract for the erection of a dwelling-house on land belonging to an aged and infirm person, by one who, in consideration of its erection, and of the payment of one half of all taxes and water rates, and of personal care for the infirm person in sickness, is entitled to occupy the house so erected for life, is a contract for the sale of a life estate, and does not create a lease or a tenancy at will. Such contract is taken out of the statute of frauds by part performance in the erection of the build- ing and performance of the personal service required up to the time of a proceeding for unlawful detainer, so far as to constitute a defense to such proceeding; and so long as he complies with the terms of the con-

tract, the question whether the contract for personal services could be specifically enforced does not arise in such a proceeding; nor does the fact that there was no agreement for a future conveyance, but only a present contract authorizing the taking and holding of possession, make any difference.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Smith, Howard & Smith,* and *Thomas L. Winder,* for Appellant.

*Barclay, Wilson & Carpenter,* for Respondent.

WORKS, J.—This is an action of unlawful detainer. The court finds the facts tending to show under what claim of right the defendant was in possession as follows: "That in the month of February, A. D. 1886, the house and lot of the defendant having been washed away by the Los Angeles River, that plaintiff, then residing upon the south half of lot 1, block V, of the Alviso tract, in the city of Los Angeles, represented to the defendant that he, plaintiff, was solitary, old, and infirm, and was liable at any time to attacks of sickness, and proposed to defendant that he, defendant, should erect a dwelling-house on a part of said lot, and should reside with his family therein, and agreed with defendant that in consideration of the erection of such building, and the payment of one half the taxes, state, county, and municipal, that might thereafter and during the continuance of said agreement be levied and assessed upon said half of lot 1, and of one half of the charge for water on said premises during said agreement, and in consideration that defendant should care for plaintiff in sickness, he, defendant, might occupy said house, erected by defendant on said premises, during the natural life of plaintiff; that said agreement was verbal and never reduced to writing."

The court also found that the defendant had complied

with the terms of the contract on his part, and con-
structed a dwelling-house on the property, and was re-
siding thereon.

The plaintiff in his complaint treats the defendant as
a tenant at will, and alleges that he had given him no-
tice to quit, as required in such cases, and the court so
finds.

The defendant contends that by the contract, if in
writing, he would have been entitled to a life estate in
the lands, and that by taking possession and making the
improvements the verbal contract was taken out of the
statute of frauds and had the same effect.

The court below found for the plaintiff, and gave judg-
ment accordingly. The defendant appeals on the judg-
ment roll.

There is no question as to the making of the contract
and its performance. There is some ambiguity in one
of the findings as to the care of the plaintiff by the de-
fendant in times of the former's sickness, but we regard
it as sufficient to show a compliance with the contract
in that respect. The point made and relied upon is, that
the contract was void. As we understand the position
of counsel for respondent, it is, that the contract was a
lease, and as such was void under sections 1091 and
1624 of the Civil Code, and sections 1971 and 1973 of
the Code of Civil Procedure, that the part performance
found could not take the case out of the statute of frauds,
and that a specific performance could not be enforced,
because a part of the consideration on the part of the
defendant was personal services to be rendered in the
future. In our judgment, neither of the last two ques-
tions arise in the case. This is in no sense a lease of
the property, but a sale of a life estate therein.

There is no attempt to compel a specific performance
of the contract, and therefore the question whether a
contract the consideration of which is personal services
could be specifically enforced does not arise. It is

sufficient to say that up to the present time the personal services have been fully rendered and performed. The contract, being in parol, was void, as counsel contend. But if this were an action to enforce the specific performance of an agreement to convey, there could be no doubt that there was such a part performance as would entitle the plaintiff to such a remedy. (*Burlingame* v. *Rowland*, 77 Cal. 315; *McCarger* v. *Rood*, 47 Cal. 138.)

And the fact that in this case there was no agreement for a future conveyance, but a present verbal contract authorizing the defendant to take and hold possession, can make no difference under the facts as found by the court. The same doctrine as to the effect of part performance, which would entitle the defendant to a specific performance in a proper case, must, for the same reasons and on like principles, protect him in his possession under the verbal contract so long as he complies with its terms. To hold otherwise would make the statute of frauds a means of perpetrating a plain and palpable wrong upon the defendant. The very object of the exception of the statute, that where the contract has been so far performed that the parties cannot be placed *in statu quo*, for example, where the vendee has gone into possession under the contract, and if the contract is declared void would be a trespasser, is to prevent such a result. In this case the · defendant has done more than to take possession. He has made permanent improvements on the land, which would fall to the plaintiff if he should recover. We think that the court erred in its conclusions of law from the facts found.

The judgment is reversed, with instructions to the court below to' conform its conclusions of law to this opinion, and render judgment on the findings in favor of the defendant.

Fox, J., and PATERSON, J., concurred.

Hearing in Bank denied.