[Sac. No. 2285.   Department One.—January 26, 1917.]

JAMES MAGEE, Jr., Appellant, v. JAMES MAGEE, Sr., et al., Respondents

APPEAL FROM JUDGMENT — ALTERNATIVE METHOD — ABSENCE OF NOTICE OF ENTRY—TIME OF APPEAL—EXTENT OF REVIEW.—Under the alternative method of appeal provided by section 941b of the Code of Civil Procedure, as enacted in 1907, where no notice of the entry of judgment had been served on the appellant, an appeal from the judgment taken within six months after its entry is in time, and any question, including that of the sufficiency of evidence to support the findings, may be reviewed. The fact that the appellant may have had knowledge of the entry of the judgment does not limit his time for appeal under such method to sixty days from the date upon which such knowledge was brought home to him.

VENDOR AND VENDEE—CONTRACT BETWEEN BROTHERS—PROVIDING HOME FOR PARENTS—SPECIFIC PERFORMANCE—CERTAINTY OF CONTRACT.— An agreement by the owner of a lot of land to convey it to his brother, in consideration of the latter's erecting on the land and

furnishing a home for the use of their parents, during their lives, is sufficiently certain and definite to admit of its specific enforcement.

ID.—STATUTE OF FRAUDS—PART PERFORMANCE OF ORAL AGREEMENT—MAKING OF IMPROVEMENTS.—The fact that such agreement was not in writing is no objection to its specific enforcement, if the vendee made the valuable improvements on the property on the faith of the agreement, and those claiming under him had gone into possession. Such acts take the case out of the statute of frauds.

ID.—WANT OF MUTUALITY—DECREE PROVIDING FOR LIFE ESTATE.—There is no want of mutuality in the agreement, preventing its specific performance after the death of the vendee during the lifetime of the surviving parent, as such parent's right of possession and enjoyment during his life can be fully protected by a decree vesting a life estate in him.

ID.—PLEADING—ADEQUACY OF CONSIDERATION—JUSTNESS OF CONTRACT. A complaint for the specific performance of a contract to convey land need not allege, in the exact words of the code, that there was "an adequate consideration for the contract," and that it was "just and reasonable." The proper mode of pleading is to set forth the facts from which the court may conclude that the contract is supported by an adequate consideration, and is, as to the defendant, fair and just. In the present case, considering the relations of the parties, and the purpose of the contract to provide a home for their parents, there was no abuse of discretion in determining that the contract was just and the consideration adequate.

APPEAL from a judgment of the Superior Court of Solano County, and from an order refusing a new trial. A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

Theodore A. Bell, for Appellant.

T. T. C. Gregory, and Theodore W. Chester, for Respondents.

SLOSS, J.—This action was brought to quiet title to a lot of land in the city of Vallejo. In their answer the defendants denied plaintiff's title, and set up, by way of further defense and as a cross-complaint, a state of facts in consequence of which, as they claimed, they were the equitable owners of the property, or entitled to a conveyance thereof from the plaintiff. The court made findings in accordance with the affirmative allegations of the answer and

cross-complaint and entered judgment accordingly. The plaintiff appeals from the judgment and from an order denying his motion for a new trial. The respondents move to dismiss both appeals.

The appeal from the judgment was taken within six months after entry. As the record does not show that any notice of such entry had been served upon the appellant, the appeal was within the time prescribed by section 941b of the Code of Civil Procedure, and any question, including that of the sufficiency of the evidence to support the findings, may be reviewed. (Code Civ. Proc., sec. 941c.) The fact that the appellant may have had knowledge of the entry of the judgment does not limit his time for appeal under the alternative method to sixty days from the date upon which such knowledge was brought home to him. *Estate of Keating,* 158 Cal. 109, [110 Pac. 109], relied on by the respondents, has no application to the taking of an appeal. That case turns upon the provisions of sections 953a, 953b, and 953c of the Code of Civil Procedure, creating a method of preparing a record on appeal. The language of section 941b is different, and under it the appellant's right to serve his notice of appeal within six months after entry of judgment is not cut down, except where written notice of the entry has been *served* upon him. (*Huntington Park Imp. Co.* v. *Park Land Co.,* 165 Cal. 429, [132 Pac. 760]; *Title Ins. & Trust Co.* v. *California Dev. Co.,* 168 Cal. 397, [143 Pac. 723].)

It is probable that the appeal from the order denying a new trial was not taken within the time allowed by subdivision 3 of section 939 of the Code of Civil Procedure, as that section read at the time of the proceedings under review. The record does not, however, show all the data necessary to a definite determination of this point, and, since all the questions raised may be considered on the appeal from the judgment, we shall decide the case on the merits.

James Magee, Jr., is a son of the defendant James Magee, Sr., and a brother of the defendants Catherine Magee and Nellie Magee Murphy. Patrick Magee, who died in 1899, was a brother of the plaintiff James Magee, Jr. The court found, in effect, these facts: Prior to 1895 James Magee, Sr., and his wife, the parents of James Magee, Jr., and Patrick Magee, were living in Ireland. The plaintiff and Patrick

were living at Vallejo, in this state. Plaintiff was the owner of the piece of land here involved, having purchased the same for five hundred dollars. He has never made any conveyance of the land and the record title still remains in him.

James Magee, Sr., with his wife and minor children, came to California at the invitation of James, Jr., or Patrick, or both. The sons were apparently desirous of providing a home for their parents, and in June, 1895, Patrick agreed with the plaintiff James, Jr., that if the said James, Jr., would give or convey to Patrick the lot in controversy, he, said Patrick, would erect thereon a suitable home for his parents and would furnish the same at his own cost and expense. To this the plaintiff agreed. Thereafter, relying on said agreement, Patrick entered into a contract for the construction of a dwelling-house on said property and caused the house to be erected and furnished at his expense. Upon completion of the house, the defendant James Magee, Sr., with his wife and daughters, entered into possession of the house and land. He and his daughters have remained in possession ever since, the mother having died in the meanwhile.

The court finds that at the time of the making of said agreement the real property was worth five hundred dollars; that the cost of constructing the house exceeded three thousand dollars, and that the cost of furnishing it was seven hundred dollars or more. In 1899 Patrick Magee died intestate. His estate was administered in probate, and one-eighteenth thereof was distributed to the plaintiff, twelve-eighteenths to the defendant James Magee, Sr., and one-eighteenth to each of the other defendants.

On these facts the court concluded and adjudged that the defendant James Magee, Sr., is the owner of a life estate in the said real property, and that he is the owner of twelve-eighteenths of the remainder; that each of the defendants Catherine Magee and Nellie Magee Murphy is the owner of an undivided one-eighteenth of the remainder, and that plaintiff is the owner of a like one-eighteenth. It is further adjudged that plaintiff convey to the defendants the title so adjudged to belong to them.

The plaintiff attacks as unsupported the findings relative to the making of the agreement between himself and Patrick in June, 1895. The evidence is, to be sure, conflicting, but

there was testimony to the effect that the agreement, as found by the court, had been made by the brothers. It is, of course, well settled that a contract will not be specifically enforced unless its terms are clear, definite, and certain. (*Agard* v. *Valencia,* 39 Cal. 292; *Magee* v. *McManus,* 70 Cal. 553, [12 Pac. 451]; *Stanton* v. *Singleton,* 126 Cal. 657, [47 L. R. A. 334, 59 Pac. 146]; *Monsen* v. *Monsen, ante,* p. 97, [162 Pac. 90]. But we do not see that the contract found to have been made between the plaintiff and his brother Patrick is lacking in certainty or definiteness. Patrick was to erect on the land, and to furnish, a house for the use of the parents of the contracting parties, and in consideration of these acts the plaintiff was to convey the land to Patrick. It is true that the word "convey" may not have been used in the conversations between the brothers. But there was testimony that James said he would "give" Patrick the lot for the purposes named, if Patrick would make the expenditures referred to. In view of the surrounding circumstances, the court was justified in construing the language of plaintiff as meaning that he would transfer the legal title to Patrick.

It is no objection to specific performance that the agreement was not in writing. Patrick had made valuable improvements on the property on the faith of the agreement, and those claiming under him had gone into possession. This is enough to take the case out of the statute of frauds. (*Burlingame* v. *Rowland,* 77 Cal. 315, [1 L. R. A. 829, 19 Pac. 526]; *Manning* v. *Franklin,* 81 Cal. 205, [22 Pac. 550]; *Calanchini* v. *Branstetter,* 84 Cal. 249, [24 Pac. 149].)

It is further urged by the appellant that the contract cannot be enforced for want of mutuality. The argument is that some of the obligations on Patrick's part still remain unperformed, and that these are of such a character that a court of equity could not specifically enforce them. If this position be sound, it will no doubt afford a sufficient answer to a demand for specific performance against the plaintiff. (Civ. Code, sec. 3386; *Cooper* v. *Pena,* 21 Cal. 404; *Banbury* v. *Arnold,* 91 Cal. 608, [27 Pac. 934]; *O'Brien* v. *Perry,* 130 Cal. 526, [62 Pac. 927].) The court found, and the evidence fully supports the finding, that Patrick had, during his lifetime, performed every part of his agreement that it was possible for him to perform. He had built and furnished the house, and has permitted the occupancy of it by

his parents. But it is claimed that he was required to permit the further occupancy of the premises so long as the parents, or either of them, should live, and this, it is said, is an agreement for continuing acts or personal services, which a court of equity will not undertake to supervise or to enforce specifically. (36 Cyc. 584.) There is, however, nothing in the agreement calling for any such acts or services. All that was contemplated was that the parents should have the right of possession and enjoyment during their lives, a purpose that could be given complete effect by the execution of a single paper on the part of Patrick, or his successors in interest. This purpose was fully met by vesting a life estate in the surviving husband and father, as was done by the terms of the decree.

Finally, it is argued that specific performance could not properly be decreed in this case for want of allegation and evidence that the plaintiff received an adequate consideration, and that the contract was, as to him, just and reasonable. (Civ. Code, sec. 3391.) Such pleading and proof has always been required in the chancery courts. It is not necessary, however, that the complaint for specific enforcement should declare, in the very words of the code, that there was "an adequate consideration for the contract" and that it was "just and reasonable." These allegations, standing alone, would be objectionable as embodying the mere conclusion of the pleader. The proper mode of pleading is to set forth the facts from which the court may conclude that the contract is supported by an adequate consideration and is, as to the defendant, fair and just. (*Stiles* v. *Cain,* 134 Cal. 171, [66 Pac. 231]; *White* v. *Sage,* 149 Cal. 613, [87 Pac. 193].) The facts here alleged by the defendant and found by the court on satisfactory evidence are, we think, sufficient to show the existence of the equitable requisites. Taking into account the relations of the parties, the desire of the plaintiff and his brother Patrick to provide a home for their parents, the value of the land contributed by the plaintiff, the extent and value of the improvements furnished by Patrick, and the fact that Patrick could receive no pecuniary benefit from the land or from his expenditures until after the death of both of his parents, the court was fully justified in drawing the inference, implied in its decree, that the contract was fair and just as to the plaintiff,

and that said plaintiff received, in the expenditures by Patrick and the provision for the parents, a consideration which was entirely adequate to support his agreement to contribute the lot. This was not the ordinary case of a sale of land for a money consideration alone. The transaction was one between brothers, bound by a common tie of filial duty, and seeking to benefit their parents, rather than to deal for profit. These were elements to be given due weight by the trial court, which is to exercise a sound discretion in determining whether, under all the circumstances, the contract was just and the consideration adequate. (*O'Hara* v. *Wattson*, 172 Cal. 525, [157 Pac. 608].) It cannot be said that any abuse of discretion appears here.

No other points are made.

The judgment and the order appealed from are affirmed.

Shaw, J., and Lawlor, J., concurred.