[Civ. No. 2759.  First Appellate District, Division Two.—April 25, 1919.]

## MANUEL A. PEIXOUTO, Appellant, v. F. A. PEIXOUTO et al., Respondents.

[1] CONTRACTS — ORAL AGREEMENT TO MAKE GIFT OF LAND — SPECIFIC
PERFORMANCE.—An oral contract to make a gift of land, followed
by possession on the part of the donee and the making of valuable
improvements thereon in reliance upon such agreement, is sufficient
to justify a decree of specific performance on the part of the donor,
or the party standing in his place with notice of the rights of the
donee, where the property covered by the contract is fully identified.

[2] ID.—FULL PERFORMANCE BY VENDEE — RUNNING OF STATUTE OF
LIMITATIONS.—When there exists a contract to convey land and the
vendee has fully performed and nothing remains to be done on his
part, the vendor and those who take the land with knowledge of
the vendee's rights then hold the bare legal title in trust for the
benefit of the vendee; and while the *cestui que trust* is in possession,
the statute of limitations will not run against him.

[3] Id.—Repudiation of Trust—Running of Statute of Limitations.
In such a case, if the trustee wishes to start in operation the statute
of limitations, he must in some way repudiate the agreement and
*must take possession,* either in person or by agent, in order to break
the relation his vendee sustained to him under the agreement before
the statute will commence to run. Mere notice that the agreement
is terminated and that the vendor desires possession is not suffi-
cient.

[4] Id.—Enforcement of Conveyance by Cestui Que Trust.—In such
a case, the *cestui que trust,* having the equitable title, is entitled to
enforce a conveyance of the naked legal title as an incident to such
equitable ownership. As long as the equitable title exists, it must
exist with all its incidents.

[5] Id.—Action to Compel Specific Performance — Consideration—
Pleading.—In an action in equity to compel the specific perform-
ance of an oral agreement to make a gift of land, it is not neces-
sary that the plaintiff allege in express language that the defendant
received a valuable consideration, but only that he set out the
facts and the value of the lands and that it affirmatively appear
therefrom that the consideration was adequate.

[6] Id.—Oral Agreement to Make Gift—Statute of Frauds.—Such
a contract to make a gift of land need not be in writing where it
has been partly performed and valuable improvements have been
made upon the property.

APPEAL from a judgment of the Superior Court of Ala-
meda County. William H. Waste, Judge. Affirmed.

The facts are stated in the opinion of the court.

B. C. Mickle and Dixon L. Phillips for Appellant.

Peter J. Crosby and Stanley R. Sterne for Respondents.

LANGDON, P. J.—This action was brought to quiet title
to certain land in the county of Alameda. The defendant,
F. A. Peixouto, filed an answer and cross-complaint in which
he set up an oral contract between the plaintiff's grantor
and himself by which the plaintiff's grantor agreed to convey
to defendant a small portion of the land to which plaintiff
sought to quiet his title. The facts set up in the answer and
cross-complaint are substantially as follows: That the plain-
tiff and defendant F. A. Peixouto are brothers; that Frank
A. Peixouto, Sr., is the father of the plaintiff and said de-

fendant; that in 1912 the said Frank A. Peixouto, Sr., was the owner and in possession of all the land described in plaintiff's complaint; that for a long time prior thereto the defendant had worked for his said father in and about said tract of land, and that in April, 1912, the father promised the defendant, orally, that if the defendant would build upon, live upon and improve a certain portion of said land, that the father would give and convey to the said defendant such portion; that in pursuance of said agreement the said Frank A. Peixouto, Sr., measured and marked off the boundaries of said portion; that thereafter the defendant, in reliance upon said promise and agreement, entered into possession of the said portion of land and erected thereon a dwelling-house of the value of seven hundred dollars and expended the further sum of three hundred dollars in improving and fencing the land; that ever since April, 1912, the defendant has continued in open, notorious, and exclusive possession of said portion of the tract of land described in plaintiff's complaint; that the said Frank A. Peixouto, Sr., neglected and refused to grant and convey said portion of said land to defendant, and later conveyed the entire tract to the plaintiff; that the conveyance was made to the plaintiff without any valuable consideration, and while the defendant was in open and visible possession of a part of the same, and at a time when all the facts relating to the agreement between the defendant and his father were well known to the plaintiff herein. Defendant asked that the plaintiff be ordered and directed to execute and deliver to the defendant a deed and conveyance of that portion of the land described in the complaint which was included in the oral contract between the defendant and his father. The plaintiff denied substantially all the allegations of the cross-complaint. Judgment was given quieting title in the plaintiff to the land described in the complaint, excepting that portion thereof set out in the cross-complaint of defendant; and as to that portion, judgment was given for the defendant, decreeing that the plaintiff holds the legal title thereto in trust for said defendant and cross-complainant, and that the said plaintiff execute to the defendant a good and sufficient deed therefor, and upon his failure so to do, within thirty days, a commissioner named execute and deliver such deed, which shall operate as a transfer from the plaintiff to

the defendant of the property described therein; and that the plaintiff be enjoined from asserting any right in the said portion of the property held in trust for the defendant. From the latter portion of the judgment, the plaintiff appeals.

Appellant first contends that the pleading and proof does not show a contract sufficiently certain and unambiguous in its terms to warrant specific performance, and particularly for the reason that, as he asserts, there is no evidence that respondent has performed, or fully performed, because the alleged oral agreement was so indefinite and uncertain as to time and terms of performance by defendant that it would be impossible to say what year, month, or day performance was to be completed. The point made by appellant is that it is impossible to determine when the defendant was to build or complete his house. This matter can be of no importance here, because the house has been built and completed, and that side of the contract has been fulfilled. In so far as the part of the contract to be performed by the defendant is concerned, he alleged and proved that he fully performed all things to be by him performed. The contract alleged and proven does not disclose that there was a time-limit placed upon his building of the house, and therefore time not being made of the essence of the contract, so far as the evidence discloses, it becomes immaterial just when he did complete the work. He has completed it in accordance with the contract found to exist by the court, and the date of the completed performance can be of no moment except in regard to the point raised by the appellant that the statute of limitations is applicable to defendant's claim, which contention will be considered hereafter.

[1]     The cross-complaint sets forth an oral gift of land, followed by possession on the part of the donee and the erection of valuable improvements. The property covered by the alleged oral contract is fully identified, and was located and staked out and agreed upon by the parties. The complaint states, the evidence clearly establishes, and the court found that the defendant, in reliance upon such agreement, went upon the property, erected a home thereon, and improved and cultivated the land and has been in possession of the same ever since. This is sufficient to justify a decree of specific performance as against the donor or the party standing

in the place of the donor with notice of the rights of the cross-complainant. (*Magee* v. *Magee*, 174 Cal. 276, [162 Pac. 1023].) Contracts to convey land, under such circumstances, have always been enforced in this state.' (*Burlingame* v. *Rowland*, 77 Cal. 315, [1 L. R. A. 829, 19 Pac. 526]; *Manly* v. *Howlett*, 55 Cal. 94; *Bakersfield T. H. Assn.* v. *Chester*, 55 Cal. 98; *Anson* v. *Townsend*, 73 Cal. 415, [15 Pac. 49]; *Kinsell* v. *Thomas*, 18 Cal. App. 683, [124 Pac. 220].) The evidence as to the existence of the contract to convey is conflicting, but the finding is that such an agreement was made and that finding cannot be disturbed by this court, as the evidence of the defendant and of his witnesses is sufficient to warrant it. We think that the contract alleged and proven is not lacking in certainty nor too indefinite for a court of equity to enforce.

[2] The main question in the case is as to the application of the statute of limitations. It is admitted that defendant completed the house and other improvements some time in 1912, and appellant contends that defendant's claim accruing when he had performed the things to be by him performed, is now barred by the statute of limitations, the cross-complaint not having been filed until October, 1916. We think there is no merit in this contention. When there exists a contract to convey land and the vendee has fully performed and nothing remains to be done on his part, the vendor then holds the legal title in trust for the benefit of the vendee. Defendant having shown by his proof, and the court having found that the plaintiff in this case took the land with knowledge of the defendant's rights, the plaintiff would be in the same position as his grantor and would be holding the bare legal title in trust for the defendant. Under such circumstances, while the *cestui que trust* was in possession, the statute of limitations would not run as against him. (*Gilbert* v. *Sleeper*, 71 Cal. 290, [12 Pac. 172]; *Love* v. *Watkins*, 40 Cal. 547, [6 Am. Rep. 624]; *Beebe* v. *Dowd*, 22 Barb. (N. Y.) 255; *Lakin* v. *Sierra B. G. M. Co.*, 25 Fed. 337; *Fleishman* v. *Woods*, 135 Cal. 256, [67 Pac. 276]; *Scadden etc. Co.* v. *Scadden*, 121 Cal. 33, [53 Pac. 440]; *Smith* v. *Matthews*, 81 Cal. 120, [22 Pac. 409].)

[3] We are not unmindful of the argument made by appellant that the notice given by Frank A. Peixouto, Sr., to the defendant that the agreement was terminated and that

he desired the defendant to surrender to him the possession of the property, served upon December 1, 1913 (which was after the defendant had fully performed, and while defendant was in the undisputed possession of the property), was such a repudiation as would set the statute in operation, even as against a *cestui que trust.* With this contention we cannot agree. It was said in the case of *Bennett* v. *Morrison,* 120 Pa. St. 390, [6 Am. St. Rep. 711, 14 Atl. 264], and the language is quoted with approval in the case of *Luco* v. *De Toro,* 91 Cal. 405, [18 Pac. 866, 27 Pac. 1082], that if the trustee wishes to start in operation the statute of limitations, he must in some way repudiate the agreement and *must take possession,* either in person or by agent, in order to break the relation his vendee sustained to him under the agreement before the statute will commence to run. So in the present case, we apprehend that even though the vendor had taken possession of the property, in addition to that possession, he would have had to bring home to the vendee, as in the case of tenants in common, knowledge that he thereafter denied his right to possession in order to rely upon the bar of the statute; and, clearly, notice of the denial of the vendee's title, while the vendee was in undisputed possession, would have no effect whatever.

In the case of *Rush* v. *Barr,* 1 Watts (Pa.), 110, the language of which is quoted with approval in *Luco* v. *De Toro, supra,* the court said: ''Whenever the legal title is in one, and the real interest in another, these form but one title, and the statute does not run between them until the trustee disclaims and *acts* adversely to the *cestui que trust.* . . . And so in all cases where two persons have each an interest in a tract of land of such kind that both their interests form but one title, and by their agreement one is to possess for his own use and the use of the other. In such cases the statute does not run until *he in possession* disclaims the right and interest of the other—denies his right and refuses possession—and such disclaimer and denial must be such that the other has notice of it.''

It is true that in some portions of the opinion in the case of *Love* v. *Watkins, supra,* cited by appellant, there is language that would indicate, if taken without any connection with the facts under discussion, that notice of adverse claim is sufficient to start the statute in operation; but we believe

it will be found upon an examination of that case and of other cases cited that where such language is used, it is used in relation to the particular facts of the case—and that those facts were that the one giving the notice was also in possession, or, at least, that the vendee himself was not in possession when the notice was given. If the vendor has possession, then, assuredly, it is only necessary for him to give notice of holding such possession adversely. Our conclusion seems evident from the quotations from cases contained in appellant's own brief. He quotes from the case of *Love* v. *Watkins, supra,* in which the court refers to the case of *Harris* v. *King,* 16 Ark. 122, and states that in that case "it was held that a vendor who had received the purchase money became the trustee of the vendee, and although *actually in possession* of the land, held the naked legal title in trust for him, and the statute of limitations was no bar to an action for specific performance of the contract if the vendor had done no act inconsistent with the vendee's title, *other than simply holding possession.*"

As was said in the case of *McCauley* v. *Harvey,* 49 Cal. 497: "A person all the while in possession according to his right, cannot, while holding the possession, be divested of that right in favor of another. If authority be needed in support of a proposition so self-evident, it may be found in *Love* v. *Watkins,* 40 Cal. 547." The case of *Fleishman* v. *Clark,* 135 Cal. 356, [67 Pac. 276], is to the same effect. There has been no dispute in the cases following *Love* v. *Watkins,* as to the holding of that case. That case has been quoted as authority for the proposition that the statute will not begin to run so long as the purchaser is in possession, in the following cases: *Gilbert* v. *Sleeper,* 71 Cal. 290, [12 Pac. 172]; *Fleishman* v. *Woods, supra; Scadden etc. Co.* v. *Scadden,* 121 Cal. 33, [53 Pac. 440]; *Fogarty* v. *Fogarty,* 129 Cal. 46, 49, [61 Pac. 570]; *Smith* v. *Matthews,* 81 Cal. 120, [22 Pac. 409]; *Luco* v. *De Toro,* 91 Cal. 405, [18 Pac. 866, 27 Pac. 1082]; *McCauley* v. *Harvey,* 49 Cal. 497. "Possession draws to it, or rather extinguishes all adverse claims and titles." (*Love* v. *Watkins, supra.*) Both upon principle and the weight of authority, it is necessary for us to hold in this case that no statute of limitations is applicable to the right which defendant is asserting in his cross-complaint. So far as equity is concerned, defendant was the absolute owner of

an indefeasible estate and the vendor was a naked trustee having no interest, but charged with the simple duty of conveying to the vendee upon demand. Equity regards the vendee as the owner, upon the principle that it considers that as done which ought to be done. Defendant, therefore, could not be divested of his indefeasible estate while he was in possession, by anyone out of possession. The owner of the equitable title is supposed, for the purposes of a court of equity, to have acquired and to hold the title, and the court will compel the conveyance of the legal title only because the equitable title is not recognized in a court of law; but where it is recognized, it constitutes ownership, and it cannot be lost by the bar of the statute while the owner is in actual possession and enjoyment of his estate. (*Love* v. *Watkins, supra.*)  [4]  Since the defendant could not be divested of his title by the operation of the statute, it follows that, having the equitable title, he is entitled to enforce a conveyance of the naked legal title as an incident to such equitable ownership. As long as the equitable title exists, it must exist with all its incidents.

[5]  Appellant contends that there is no allegation in the cross-complaint that the plaintiff has received an adequate consideration for the contract. It is not necessary that such allegation should be in express terms. It is sufficient if the cross-complaint set out the facts and the value of the land and it affirmatively appear therefrom that the consideration was adequate. (*Magee* v. *Magee,* 174 Cal. 276, [162 Pac. 1023].) In the numerous cases cited herein covering contracts similar to the one found by the trial court to exist in this case, it has been held that under facts very similar there existed a sufficient consideration to warrant specific performance. The case of *Burlingame* v. *Rowland,* 77 Cal. 315, [1 L. R. A. 829, 19 Pac. 526], presents a very similar state of facts.

[6]  The objection that the contract should have been in writing is without merit. The contract had been partly performed and the making of the improvements upon the property is sufficient to take it without the statute of frauds.

The judgment is affirmed.

Brittain, J., and Haven, J., concurred.