## THOMPSON v. WILLIAMS et al.

(Court of Appeals of District of Columbia. Submitted March 4, 1920. Decided April 5, 1920.)

### No. 3323.

1. **War ⊗⇒4—Landlord and tenant proceeding maintainable when possession required by owners for their own occupancy.**

A landlord and tenant proceeding to recover possession of property for the erection of railway terminal facilities is maintainable, notwithstanding the Saulsbury Resolution, prohibiting such proceedings during the war except in certain cases, where it is specifically alleged that the owners of the property necessarily require it for their own occupancy as therein set forth.

2. **Landlord and tenant ⊗⇒280½—Trustees holding legal title may sue for possession.**

A landlord and tenant proceeding is an action at law, and trustees of an express trust, in whom is vested the legal title, are the proper parties to sue for possession.

3. **Landlord and tenant ⊗⇒276—Statute regulating rents inapplicable to prior proceedings for possession.**

Act Cong. Oct. 22, 1919, regulating rents in the District of Columbia, had no application to a landlord and tenant proceeding to recover possession, which had gone to judgment before it was passed.

Appeal from the Supreme Court of the District of Columbia.

Proceeding by George Weems Williams and another, trustee, against Dora Thompson. From a judgment for plaintiffs, defendant appeals. Affirmed.

J. I. Peyser, of Washington, D. C., for appellant.

T. P. Littlepage and S. F. Taliaferro, both of Washington, D. C., for appellees.

VAN ORSDEL, Associate Justice. This is a landlord and tenant proceeding brought originally in the municipal court of the District of Columbia by appellees, as trustees for the Terminal Real Estate Company of Baltimore, the entire capital stock of which is owned by

⊗⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the Washington, Baltimore & Annapolis Electric Railroad, to recover possession of certain property in the city of Washington for the erection of terminal facilities. From a judgment for plaintiffs, defendant Thompson appealed to the Supreme Court of the District of Columbia, where plaintiffs filed an affidavit of merit under the nineteenth rule of the court. The affidavit of defense was held not to present an issue of fact for the consideration of a jury; hence judgment was entered for plaintiffs, from which this appeal is taken.

[1] The appeal is totally without merit. Plaintiffs in the affidavit below, after setting out in detail the purchase of the property for terminal purposes under the direction and authority of the Public Utilities Commission of the District of Columbia, aver specifically that "the owners of the property herein referred to necessarily require the same for their own occupancy as hereinbefore set forth." This relieves the case from the entanglements of the Saulsbury Resolution. Maxwell v. Brayshaw, 49 App. D. C. ——, 258 Fed. 957. The court properly interpreted the affidavit of defense as failing to raise any issue of fact calling for the intervention of a jury.

[2] The sufficiency of the notice is assailed. It was given by the trustees of an express trust in whom was vested the legal title. The action is at law and the holders of the legal title are the proper parties to sue for possession. Anson v. Townsend, 73 Cal. 415, 15 Pac. 49.

[3] Appellant attempts to invoke the aid of the act of Congress approved October 22, 1919 (41 Stat. 298, c. 80), known as the "Ball Rent Law." The present case was started and had gone to judgment before the Ball Law was passed, and therefore is not within the purview of the act.

The judgment is affirmed, with costs.

Affirmed.