[No. 12533.   In Bank. — September 3, 1889.]

## P. T. McCLURE ET AL., APPELLANTS, v. JOHN G. COLYEAR ET AL., RESPONDENTS.

EXPRESS TRUST — ESTATES OF DECEASED PERSONS — RIGHTS OF HEIRS — INVESTMENT BY WIDOW — PURCHASER WITH NOTICE — PLEADING. — A complaint by two children of a deceased person against their mother, the widow of the decedent, and her second husband, averring that the deceased left certain personal property as his separate estate; that no administration had been had thereon, and that there were no claims against the decedent or his estate; that said widow had taken possession of and had invested the whole of said property and its proceeds in certain real estate purchased in the name of her second husband; and that both of the defendants knew and always acknowledged the right of plaintiffs each to one third of said estate until within sixty days before the commencement of the action, — shows an express trust in the hands of the mother as to the respective shares of plaintiffs in the fund, the character of which was not changed by the purchase of the land in the name of the second husband, he having knowledge at the time that it was a trust fund, and is sufficiently definite and certain to put defendants upon their answer.

ID. — TENANCY IN COMMON — POSSESSION. — The children and the widow in such case are also tenants in common in the ownership of the fund and in the equitable ownership of the land in which the fund was invested, and the possession of the widow was the possession of the children through her.

ID. — STATUTE OF LIMITATIONS. — The statute of limitations does not begin to run in favor of the trustee of an express trust, nor in favor of a tenant in common in possession, unless a repudiation of the trust or of the co-tenancy is made by clear and unequivocal words or acts, nor until such repudiation and an adverse claim to the property are brought home to the knowledge of the *cestui que trust* or of the co-tenant whose rights are denied.   Nor does it ever run while the *cestui que trust* is in possession of the trust estate.

APPEAL from a judgment of the Superior Court of Tehama County.

The facts are stated in the opinion of the court.

*John F. Ellison*, and *Jackson Hatch*, for Appellants.

*Chipman & Garter*, and *L. V. Hitchcock*, for Respondents.

Fox, J.—Defendants' demurrer to plaintiffs' complaint was sustained, with leave to plaintiffs to amend. For failure to do so within the time granted, their default was entered, and judgment in favor of the defendants was thereupon rendered, from which plaintiffs appeal.

From the complaint it appears that in 1860 one John G. McClure, a resident of Tehama County, died intestate, leaving as his separate estate eighteen hundred dollars in money, and other personal property of the value of four hundred dollars, and surviving him as his successors the plaintiffs, aged at the time, respectively, ten and eight years, and his widow, now the wife of her co-defendant herein. There were no claims against the decedent or his estate, and no administration was had, but his widow took possesssion of the money and personal property for the benefit of herself and her children, the plaintiffs in this cause. She sold the personal property, realizing four hundred dollars therefor, and retained the whole two thousand two hundred dollars until she married her co-defendant, in 1861. During this year she, with her co-defendant, invested the money in business, and thereafter, with the money and its proceeds, bought the realty described in the complaint, and took the title thereto in the name of the defendant John G. Colyear, in whose name it still appears of record. Both defendants knew that the plaintiffs were the owners each of one third of this money.

*Quoad* their respective shares, this fund was an express trust in the hands of the mother. The character of the trust was not, and could not, be changed by the act of the defendants in investing it in lands, although the

title to such land was taken in the name of one not interested in the money, he having knowledge at the time that it was a trust fund.

The complaint expressly avers that both defendants knew of and always acknowledged the rights of plaintiffs until within sixty days next before the commencement of this action.

The demurrer was sustained on the ground that the complaint was indefinite and uncertain, but we think it sufficiently certain and definite to put the defendants to their answer.

Defendants also demurred on the ground that the claim was barred by the statute of limitations. Against such a trust the statute does not begin to run until the trustee repudiates the trust by clear and unequivocal acts or words, and claims thenceforth to hold the estate as his own, not subject to any trust, and such repudiation and claim are brought to the knowledge of the *cestui que trust.* (*Janes* v. *Throckmorton,* 57 Cal. 368.) The plaintiffs were not guilty of laches in failing to assert their rights until the defendants had taken some steps to dispute or disturb them. (*Barriolhet* v. *Anspacher,* 68 Cal. 116.) In addition to this, the plaintiffs and the defendant Amanda have been at all times and still are tenants in common in the ownership of the fund, or the equitable ownership of the property in which the fund is invested, and she has been and is in possession. Her possession was their possession, so that in that view of the case the statute has never commenced to run against them until their rights were denied, and she claimed to hold in hostility to them. Treating her husband as the holder of the legal title, holding it in trust for the benefit of his wife and her co-owners in the money which she furnished for the purchase of the property, then we find that she has been in possession with him all the time, and through her the plaintiffs, her co-owners in the equitable title, have also been in possession. In such

case the statute will not run in his favor, as it never runs in favor of a trustee as against the *cestui que trust* while the latter is in possession of the trust estate. (*Gilbert* v. *Sleeper*, 71 Cal. 290; *Love* v. *Watkins*, 40 Cal. 548; 6 Am. Rep. 624.)

Judgment reversed, and cause remanded for further proceedings.

WORKS, J., SHARPSTEIN, J., BEATTY, C. J., McFARLAND, J., THORNTON, J., and PATERSON, J., concurred.