[Civ. No. 15569.   Second Dist., Div. Three.   Aug. 20, 1947.]

FRED W. STOLL, Respondent, v. FRED SELANDER, Appellant.

J. Russell Myers for Appellant.

Clayton B. Thomas for Respondent.

KINCAID, J. pro tem.—Appeal is taken by defendant Selander only from a judgment rendered following the institution of an action on November 3, 1944, by plaintiff in a derivative capacity as a stockholder of Associated Material Company, Incorporated, against defendant Selander and the corporation for an accounting and to quiet title to real and personal property alleged to belong to that corporation. Another action was filed on November 6, 1944 (No. 15510) [*post*, p. 294 (183 P.2d 940)] by plaintiff, in which he individually sought and obtained judgment for damages from Selander for fraud alleged to have been committed by him. By stipulation of the parties the two cases were consolidated for the purposes of trial and for the receipt of evidence, but otherwise they necessarily were and are treated as separate cases covering entirely different issues. The appeal by defendant in the second case will therefore be considered in an opinion which will immediately follow.

The complaint herein is in two counts, the first being for an accounting and the second to quiet title to real and personal property. Plaintiff alleges, and the trial court found to be true, that plaintiff is a stockholder in the defendant corporation, and brought this action for the use and benefit of himself and of such corporation; that at all times defendant was president of the corporation, controlled the business policies thereof, and during the period of about two years prior to the filing of the action, and at all times since, arbitrarily refused to divulge to plaintiff as an officer and stockholder the details of the business operations of the corporation; that during

said period defendant transferred to other persons all the assets of the corporation without the consent or nomination of plaintiff or the other shareholder of record, and without any authority of the board of directors; that defendant fraudulently committed said acts for the purpose of appropriating to his personal use and benefit the assets of the corporation and the money invested therein by plaintiff and one George E. Bridges; that some of the items of personal property appropriated by defendant were: 1 roller, 3 drill presses, miscellaneous hand tools, 1 brake, 1 1925 Ford truck, 1 advertising sign, books of account, records and corporate seal, filing cabinets, accounts receivable in the sum of $17,919, and stock materials valued at $127; that continuously from the time of moving the place of business of the corporation on July 1, 1936, to July 13, 1945, defendant appropriated and used for his own personal benefit the credit rating and standing, the goodwill, trade name and all other assets of said corporation and said defendant continued until about December 1, 1942, to obtain loans of money in the name of said corporation, on its credit, and appropriated and accepted for his own benefit bank accounts belonging to and maintained by the corporation in its name in various banks; that defendant has failed and refused to furnish any accounting whatsoever to plaintiff or to said corporation regarding the disposition of its assets.

It was alleged in count II of the complaint, and found true by the court, that the corporation, and plaintiff as a stockholder therein, were the owners of real property located at 754 East Florence Avenue, Los Angeles, California, together with the accounts and personal property previously enumerated; that defendant claims an interest in and to said real and personal property adverse to plaintiff and the corporation, but defendant has no estate, right, title or interest whatsoever therein, excepting as a shareholder in said corporation; that it is not true that the corporation has not engaged in business since March 4, 1936, nor since said date has been insolvent, nor were the business operations of the corporation exercised under the joint control of plaintiff and defendant on or prior to March 4, 1936; that it was not true that the corporation was unable to meet the demands of the holder of the mortgage of certain corporate real property located on 61st Street, Los Angeles, California, but it is true that a deed in lieu of foreclosure was entered into under which such property was deeded to the mortgage holder.

Defendants, in separate answers, set up certain affirmative defenses and the findings of the trial court thereon were substantially that it is not true that the facts and circumstances alleged in plaintiff's complaint were known to him on or before March, 1936, or at all until about January 1, 1942, or that either of plaintiff's causes of action is barred by the provisions of section 338 of the Code of Civil Procedure, or that plaintiff has been guilty of laches or that defendants have been prejudiced or injured by any delay in the bringing of this action; that although defendant Selander has been the record owner of the real property located on Florence Avenue, Los Angeles, California, since July 3, 1936, he has held such property only as a trustee for the corporation, the latter being actually in possession thereof and his occupation of the property was in his capacity as an officer and agent of the corporation only; that such defendant has paid all taxes on the property since the above date; that plaintiff had no knowledge or sufficient notice to put him on inquiry or opportunity to investigate or discover the nature of the foregoing circumstances, or of the fraudulent conduct of Selander, nor did plaintiff work as an employee of such defendant from March, 1936, to December, 1942, but during said period plaintiff did work as an employee of the corporation receiving regular compensation for his services therefrom. The court thereupon directed judgment to be entered in favor of plaintiff on behalf of the corporation, ordering Selander to render an accounting for all assets, moneys and properties of the corporation which have come into his possession, together with the income and expenses of said corporation from January 1, 1936, to date, and requiring him to deliver to the corporation all property, assets and money found to belong to it; that the corporation be declared the absolute owner of the Florence Avenue real property and that Selander has no right, title or interest therein.

In support of the findings and judgment the record discloses that in 1925, plaintiff and defendant Selander entered into a business as copartners under the name Associated Material Company. Each contributed assets thereto and received an equal monthly income therefrom. On December 31, 1928, the partnership was converted into a corporation which continued to do business under the same name with "Inc." added. Bridges then entered the business by purchasing a third interest, investing a sum approximately equivalent to that previously put in by the partners. One share of stock

only was issued to each of the three investors, and they were the only stockholders and officers during the life of the corporation, Selander serving as president, and plaintiff as secretary-treasurer. The corporation then purchased the lot on 61st Street, plaintiff contributing, personally, $3,000 therefor, for which he took a second mortgage on the subsequently erected building. The builder accepted a first mortgage in the sum of $6,000 covering the cost of construction. In 1936, the first mortgage note became delinquent and in order to avoid foreclosure the property was deeded to plaintiff and by him to the mortgagee. Defendant thereupon advised plaintiff that he had a new location for the business on Florence Avenue and would rent it. The physical properties of the corporation were thereupon moved to the new location, both parties taking part therein. The corporation sign, showing its full business name, was removed from the 61st Street location and installed on the new building. The same general type of business continued at the new location, and plaintiff continued to work for and receive a weekly pay check from the corporation as its employee. All billheads, payroll, financial statements, bank accounts and other transactions were carried continuously in the name of the corporation until January 15, 1942.

Selander was at all times dominating in his attitude toward plaintiff, and to frequent suggestions by the latter that a meeting of the board of directors should be held, such defendant replied that they were not necessary and refused to hold them, always giving plaintiff the impression that the corporation was making little, if any, money.

In June, 1942, plaintiff chanced to receive a telephone message for Selander that an installment for the purchase of the Florence Avenue property, occupied by the corporation, was overdue. This was the first information plaintiff had ever received indicating that this property had been purchased or that Selander was the record owner of the property, rather than the corporation. Plaintiff thereupon commenced an investigation and learned that such property had been purchased by defendant in his own name shortly before the corporate assets were removed to that location. He also learned that an International truck used by the corporation had been registered in the name of Selander, even though both a Ford truck, which had been turned in on a Chevrolet truck, and the latter given as part payment for the International truck, had stood in the name of the corporation. Plaintiff's part in the opera-

tions of the business, both as a partnership and as a corporation, had to do entirely with the manual labor aspect of it and he was not familiar with books of account, nor had he had any experience as an executive in the handling of business or corporation affairs. Selander had been a personal friend of plaintiff and his wife and visited them in their home, and by his words and actions had consistently lulled plaintiff into believing that the business of the corporation was proceeding reasonably well, although little money was being made.

Selander conceded that all the foregoing described personal property was removed from the old location to the Florence Avenue site and that the corporation sign was likewise moved, installed and still stands on the new location. He further conceded that up to the time the plaintiff left the employment of the corporation in December, 1942, he had freely used the corporation checking bank account and had also executed financial statements, income tax and social security returns and payroll records, as president of the corporation. Bank records disclosed that various loans had been extended to the corporation to and including the year 1941 on financial statements signed by defendant as president, carrying the corporation seal, and listing substantial assets, including the Florence Avenue real estate, as being corporate property.

In September, 1944, plaintiff, through his counsel, demanded the right to examine the corporate books and records and Selander denied that any such existed. Later, however, he made available for examination such books and records, although at the time of trial he denied knowing their whereabouts subsequent to such examination. Selander further conceded that since moving to the new location he had not permitted plaintiff to take any part in the conduct of the business other than as an employee; that the total cost of the Florence Avenue real estate was $5,400, and that he had never paid any rent to the corporation for its use, nor had the corporation paid him therefor. Plaintiff testified that the character of the business conducted by the corporation at the new location was of the same general nature as at the old.

The foregoing evidence sufficiently supports the findings of the court based upon the issues presented by the complaint and the affirmative defenses in the answers, including that of the statute of limitations. Under the particular circumstances here existing the court was entitled to find that plaintiff was justified in failing to discover the fraudulent acts of Selander,

including the misappropriation of both the real and personal property of the corporation, until about January 1, 1942. If, as contended by such defendant, section 338, subdivision 4, Code of Civil Procedure, providing for a three-year limitation upon an action for relief on the ground of fraud, is applicable, the cause of action in such case is not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud. The complaint herein was filed well within the three-year period following such discovery.

It is further argued that plaintiff must show that he made diligent inquiry to discover whether or not he or the corporation had been defrauded and that, having the means of knowledge, particularly the available information through the records of the county recorder as to the taking of title to the real property in the name of Selander rather than the corporation, such means are equivalent to knowledge. As to this subject our Supreme Court in *Seeger* v. *Odell,* 18 Cal.2d 409, 414, 415 [115 P.2d 977, 136 A.L.R. 1291], said: "The fact that an investigation would have revealed the falsity of the misrepresentation will not alone bar his recovery (Rest. Torts, sec. 540; see cases cited in 12 Cal.Jur. 758, 759), and it is well established that he is not held to constructive notice of a public record which would reveal the true facts. (Rest. Torts, sec. 540(b); see cases cited in 12 Cal.Jur. 759, 764; Prosser, Torts, 750, 751.) The purpose of the recording acts is to afford protection not to those who make fraudulent misrepresentations but to *bona fide* purchasers for value." (See *Rogers* v. *Warden,* 20 Cal.2d 286, 289 [125 P.2d 7]; *Anderson* v. *Thacher,* 76 Cal.App.2d 50, 70 [172 P.2d 533] 94; *Hobart* v. *Hobart Estate Co.,* 26 Cal.2d 412, 437, 438 [159 P.2d 958].)

In any event the court has found, on substantial evidence, that although Selander has been the record owner of the involved real property since 1936, he had held it only as trustee for the corporation, the latter being actually in possession thereof, such defendant's occupation of the property being in the capacity of an officer and agent of the corporation only. The same situation, under the evidence, holds true as to the personal property of the corporation so appropriated to himself. As said in the recent case of *Berniker* v. *Berniker,* 30 Cal.2d 439, 448 [182 P.2d 557]: "The statute of limitations never runs in favor of a trustee as against

the beneficiary while the latter is in possession of the property. (*Gilbert* v. *Sleeper,* 71 Cal. 290, 294 [12 P. 172]; *McClure* v. *Colyear,* 80 Cal. 378, 380-381 [22 P. 175]; *Peixouto* v. *Peixouto,* 40 Cal.App. 782, 786 [181 P. 830].)'' Such being the case the statute of limitations has never commenced to run as against the corporation in the within action.

As to the defense of laches, the finding in plaintiff's favor on this issue is likewise sustained by the evidence. On this point we again quote from *Berniker* v. *Berniker, supra,* pages 448, 449: ''Nor is the defense of laches available here, for it is plain that no legal prejudice was caused to appellant by reason of the delay in making a demand nor by reason of the nonenforcement of the trust. (*Title Insurance & Trust Co.* v. *Ingersoll,* 158 Cal. 474, 486 [111 P. 360].) Moreover, the facts and circumstances of this case suggest other grounds for the rejection of the doctrine of laches . . . 'it is not designed to punish a plaintiff' but is 'invoked only where a refusal would be to permit an unwarranted injustice.' (*Hiett* v. *Inland Finance Corp.,* 210 Cal. 293, 300 [291 P. 414].) To this latter point, the court said in *Hovey* v. *Bradbury,* 112 Cal. 620, at page 625 [44 P. 1077] : '. . . it is never permitted to be invoked merely to aid a faithless trustee in consummating his wrong.' ''

Defendant testified that he borrowed money for the down payment on the Florence Avenue property, which he purchased for $5,400, and that he repaid the borrowed money and paid the balance of the purchase price from the earnings of the business. The corporation thus became the equitable owner. No question was raised as to the right of a stockholder to sue to quiet title in the corporation, under these circumstances. Plaintiff's right to maintain the action was disputed only upon the ground that no demand had been made upon the corporation to bring the action. While it was not alleged or proved that demand had been made that the corporation bring suit, such demand is unnecessary where it is clear that it would have been unavailing, as it would have been here. (*Ashton* v. *Dashaway Assn.,* 84 Cal. 61 [22 P. 660, 23 P. 1091, 7 L.R.A. 809].)

The judgment ordered defendant to render a comprehensive accounting to the corporation, and to plaintiff for the benefit of all stockholders, and that upon such accounting he ''deliver and pay to said corporation for the benefit of its stockholders all property, assets and money found to

belong to said corporation.'' The practice in accounting suits is for the court to determine first whether an accounting is due and then to either take the account or make a reference for that purpose. Where a reference will be required an interlocutory judgment is entered and the final judgment which follows the accounting determines the amount of the recovery. The issues here have only been partly tried, but plaintiff has not appealed from the judgment and we therefore cannot reverse it with directions that an accounting be had and that judgment be entered in accordance therewith, as should have been done instead of merely ordering defendant to account. Affirmance of the judgment should not be deemed an approval of the procedure which was followed.

The judgment is affirmed.

Shinn, Acting P. J., and Wood, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 16, 1947. Schauer, J., voted for a hearing.