[Civ. No. 15510. Second Dist., Div. Three. Aug. 20, 1947.]

FRED W. STOLL, Respondent, v. FRED SELANDER, Appellant.

J. Russell Myers for Appellant.

Clayton B. Thomas for Respondent.

KINCAID, J. pro tem.—This appeal is by defendant from a judgment rendered against him in the sum of $10,500 as damages for fraud. Although a separate suit, with different issues, from that numbered 15569, *Stoll* v. *Selander, ante,* p. 286 [183 P.2d 935] (opinion immediately preceding), both cases were, by stipulation, tried at the same time and by the same evidence. In the interest of brevity we therefore adopt, for purposes of this opinion, the statement of factual evidence recited in the opinion in that case.

Reference to the other numbered case shows it to have been instituted by plaintiff in a derivative capacity as a stockholder, against the corporation and Selander, for an accounting and to quiet title to real and personal property belonging to that corporation. The instant suit was filed three days later, in which plaintiff seeks damages against Selander, individually, for fraud alleged to have been perpetrated by him. The complaint recites that plaintiff, prior to the date of organization of the above-named corporation, delivered to defendant the sum of $10,500, for which he subsequently received one share of the common stock thereof; that Selander and one George E. Bridges transferred assets to the corporation sufficient to bring the total investment of the three-named stockholders to $37,955.79, and for which defendant and Bridges each was likewise issued one share of the capital stock of the corporation; that although plaintiff is and at all times has been an officer and director in the company, defendant has been the president thereof, has controlled its business policies, and during the preceding two years has arbitrarily refused to divulge details of its business operations; that defendant has fraudulently transferred to other persons assets belonging to the corporation, the nature and amount of which are unknown to plaintiff, without his consent or resolution of the directors of the corporation and for the purpose of appropriating to the personal use and benefit of defendant its assets and the money invested

by plaintiff and Bridges, to plaintiff's damage in the sum of $10,500.

The findings of the trial court generally found as true the facts alleged in plaintiff's complaint, and that by reason of the fraudulent acts and conduct of defendant plaintiff has sustained damage in the amount prayed for. The judgment followed.

It will be noted from a reading of the opinion in the preceding case (No. 15569), that the plaintiff herein, suing in that case for the benefit of the corporation, has been successful in obtaining a judgment and having it affirmed on appeal quieting title in the corporation to the real property wrongfully appropriated by Selander, as well as the requiring by the latter of a full accounting with the corporation of all his dealings during the period in question. It is readily apparent, therefore, that a full accounting, reconveyance and delivery by defendant to the corporation of all property, both real and personal, wrongfully taken by him, is fully reflected to plaintiff's benefit to the extent and in the proportion that the share owned by him bears to the total of the three shares issued by the corporation. Consequently, in order to sustain the judgment for damages herein it is incumbent upon plaintiff to prove damage other than that represented by the moneys invested by him in the purchase of his share of stock. It is self-evident that he cannot be permitted to retain his share of stock, now proved to be of substantial value, and at the same time be awarded as damages for fraud the full purchase price thereof. A review of the record fails to bring to our attention any supporting evidence by way of damages to the plaintiff individually for the fraud of the defendant.

A judgment cannot be sustained which rests for its validity and support upon some particular finding which is unsupported by the evidence. (See cases cited in 2 Cal.Jur. 1028, § 612; and 24 Cal.Jur. 990, § 216; *Ryan* v. *Vawter*, 131 Cal.App. 722 [21 P.2d 990].)

The finding as to damages being without supporting evidence, a reversal of the judgment is indicated. Consequently, it is unnecessary for us to consider the other points raised by defendant on appeal, including those relating to the statute of limitations, laches and estoppel.

The judgment is reversed.

Shinn, Acting P. J., and Wood, J., concurred.