[Civ. No. 22424.  Second Dist., Div. Two.  Feb. 20, 1958.]

L. M. BAXTER, Appellant, v. HERBERT L. KRIEGER et al., Defendants; SUNBEAM LIGHTING COMPANY (a Limited Partnership) et al., Respondents.

Hurley R. Talpis and Aaron L. Lincoff for Appellant.

Mitchell & Gold and Seymour Gold for Respondents.

KINCAID, J. pro tem.*—This is an appeal from a judgment in favor of defendants, hereinafter referred to as Sunbeam, and against plaintiff-appellant based upon a fourth

*Assigned by Chairman of Judicial Council.

amended complaint for claimed commissions due and for an accounting. Under the findings and judgment no commissions or any moneys were found due by Sunbeam to plaintiff and an accounting was denied.

Sunbeam, a manufacturer of fluorescent lighting fixtures, employed plaintiff in February, 1947, as its manufacturer's representative in two areas, the San Francisco territory, and the Northwest territory. Plaintiff's representation was terminated April 15, 1953, as to the San Francisco territory and in July, 1953, as to all other areas.

It is plaintiff's contention that, by oral agreement at the time of his employment, he was to receive sales commissions of 5 per cent on all sales made in his territory whether by him or not. Sunbeam contends that the terms of the commission agreement were varied by mutual consent from time to time during the term of employment depending upon the type and sales price of merchandise. The agreed percentages, though generally 5 per cent, varied from 2, 2½, 3, 3½, and 4 per cent. Commission statements were furnished monthly to plaintiff accompanied by check, some 84 regular monthly commission statements with check having been delivered to plaintiff over a period of some six and one-half years. Plaintiff protested cuts in his commission from time to time but received explanation therefor, the amount of such commission being determined by the nature of the merchandise sold, the suggested distributor's price, the necessity of meeting competitive conditions as well as the amount of profit involved in the particular sale. Likewise, after shipment of orders, plaintiff received notices of the amount of commission earned on the particular order by receiving a copy of the order with the commission shown thereon.

Plaintiff contends he was entitled to an accounting of moneys due by reason of orders procured prior to termination of his employment. He seeks this accounting covering the entire period of his employment by Sunbeam. He claims he is entitled to (1) the difference between the commissions received by him monthly and a sum representing 5 per cent of all sales procured and filled from plaintiff's territories, and (2) commissions on all orders procured from such territories prior to termination of his employment even though they may have been filled after his leaving.

Sunbeam contends that by oral agreement plaintiff was to and did receive commissions on orders secured by others prior to the time he began his employment in 1947 where

deliveries on such orders were made during the term of his employment and that, conversely, commissions were to be and were paid to the successors of plaintiff for deliveries made during the term of employment of such successors even though the orders were received during plaintiff's term of employment.

Upon substantial conflicting evidence the court found:

(1) That the oral agreement of employment as to the payment of commissions to plaintiff was modified by both correspondence and by the conduct of the parties in that the commissions varied from 2 to 5 per cent of the gross sales price, the amount being determined by the nature of the merchandise sold, the suggested distributor's price and the necessity of meeting competitive conditions; that plaintiff was not entitled to any additional commissions for orders procured by him or originating from his territories and which had been filled prior to the termination of his employment;

(2) That it was the agreement of the parties that no commissions were due or payable to plaintiff for any orders as to which deliveries were made after termination of plaintiff's employment irrespective of the origination of the orders;

(3) That the custom and usage in the fluorescent lighting manufacturing business is that where there has been a termination in good faith, payment of commission terminates with such termination of employment and the successor commission agent is entitled to commissions thereafter.

Plaintiff argues that the evidence, even though conflicting, fails to support the findings and judgment, and that in any event he is entitled to a full and formal accounting.

■ Before an accounting is in order, the right to an accounting must be established. It may be dispensed with where under the evidence the need or right to one is not shown. (*Stoll* v. *Selander*, 81 Cal.App.2d 286, 294 [183 P.2d 935].)

■ Ordering a reference is generally within the discretion of the trial judge and the judge may take the accounting himself from the evidence as presented. (*Berkowitz* v. *Kiener Co.*, 37 Cal.App.2d 419, 426 [99 P.2d 578]; *Puim* v. *Callahan*, 135 Cal.App.2d 70, 76 [286 P.2d 526].) The evidence herein substantially supports the findings and judgment.

■ Plaintiff asserts further prejudicial error in the denial of his motion for a continuance made during the trial for the purpose of inspecting books and records of Sunbeam. He had previously filed a written motion to inspect and make copies of certain records of defendants and the law and

motion department of the court had taken the matter under submission. Not having had a ruling on such motion by date of trial, plaintiff answered "ready" and the trial was commenced. During the trial plaintiff received a postcard notice of granting of his motion. The record indicates that the court extended plaintiff considerable latitude in permitting him extensive examination of the accounts and records of defendants, and that Sunbeam produced cartons of documents at plaintiff's request. No prejudicial abuse of discretion seems to be evidenced by the refusal by the court of plaintiff's motion for a continuance made during the trial nor does the record disclose any prejudicial error in the admission or rejection of proffered evidence by plaintiff or in the conduct of the trial.

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.