[Civ. No. 9032.   Third Dist.   May 7, 1957.]

RENA BOEHLE, Appellant, v. EMMA BENSON,
Respondent.

McGilvray, McGilvray & Cameron and Bruce B. Bruchler for Appellant.

Phil N. Crawford for Respondent.

SCHOTTKY, J. — Plaintiff above-named commenced an action against defendant, Emma Benson, in unlawful detainer and to quiet title, alleging that said defendant had no right to the possession of certain real property in Lake County and no title thereto. Thereafter, on motion of defendant, the court made an order bringing in Jean L. Gallineau, as administratrix of the estate of George H. Gallineau, deceased, and Mrs. F. M. Gallineau as parties defendant. Thereafter plaintiff filed an amended complaint, the first cause of action being in unlawful detainer against Emma Benson and the second cause of action being to quiet plaintiff's title against all defendants. The defaults of defendants Jean L. Gallineau, as administratrix, and of Mrs. F. M. Gallineau were entered. The answer of the defendant, Emma Benson, denied title in plaintiff and pleaded title in herself, basing her claim upon the allegation that she purchased the property from George H. Gallineau, deceased, and that she paid him all of the purchase price for the property during his lifetime with the exception of $15. Her cross-complaint followed substantially the affirmative allegations of her answer and prayed for specific performance of the agreement and judgment that upon payment of said balance of $15 to the estate of George H. Gallineau title should vest in her.

Following a trial the court found:

"That during the lifetime of said George H. Gallineau, now deceased, and on or about December 7, 1944, said Defendant and Cross-Plaintiff, Emma Benson, entered into a written agreement with said George H. Gallineau for the purchase of Lot 7, Block 5 of Soda Bay Springs Subdivision on Clear Lake, located in Lake County, California, for the sum of Twenty-Four Hundred Dollars ($2,400.00), payable in installments; that said Defendant and Cross-Plaintiff thereafter paid said installment payments to said George H. Gallineau during his lifetime and thereafter to the said Jean L. Gallineau, as Administratrix of the Estate of George H. Gallineau, deceased; that the total of said purchase price of Twenty-Four Hundred Dollars ($2,400.00) was fully paid prior to the trial hereof, except the sum of Fifteen Dollars ($15.00).

"That said George H. Gallineau paid the purchase price

for said real property and had the title thereto conveyed to his mother, Mrs. F. M. Gallineau by Deed dated October 25, 1937, for convenience only; that said Mrs. F. M. Gallineau held the legal title to said real property hereinabove described in trust for said decedent, George H. Gallineau, with full knowledge of said written agreement with said Defendant and Cross-Plaintiff, Emma Benson, that said George H. Gallineau paid nearly all the taxes on said real property up to the date of his death on April 14, 1953, and also paid other sums on said real property;

"That said written agreement between said George H. Gallineau and Defendant and Cross-Plaintiff, Emma Benson, contains an erroneous description of said real property in that in said written agreement the property was described as Lot 7 in Block 5, while the true description of the real property is Lot 5, Block 7, of said Soda Bay Springs Subdivision on Clear Lake, as hereinabove set forth; that said George H. Gallineau never owned or had any interest in any other real property in said Soda Bay Springs Subdivision on Clear Lake than Lot 5, of Block 7 of said Subdivision; that said written agreement should be reformed to speak the truth and the intention of the parties thereto.

"That after the death of said George H. Gallineau, and on April 23, 1953, said Defendant, Mrs. F. M. Gallineau, deeded said real property, without consideration, to her daughter, the Plaintiff and Cross-Defendant herein, who had at that time and prior thereto full knowledge of said written agreement with said Defendant and Cross - Plaintiff, Emma Benson."

The court found further that defendant Emma Benson had lived on and had been in the exclusive possession of said real property since the date of said agreement and had erected a dwelling house and made other improvements on said property at a cost of more than $3,500.

The court found further that decedent, G. H. Gallineau, purchased said real property in 1937 for the sum of $1,050 from one Jack Munson and that the deed was made to Mrs. F. M. Gallineau, the mother of G. H. Gallineau, but that the taxes on said property and the cost of the upkeep and maintenance of said real property were paid by G. H. Gallineau. The court found further that:

"Said Defendant, Mrs. F. M. Gallineau, contributed nothing toward the purchase price of the property first hereinabove described from said Jack Munson; that said G. H. Gallineau did not make a gift of said property to his mother, Mrs.

F. M. Gallineau; that no debt ever existed between Defendant, Mrs. F. M. Gallineau, and said G. H. Gallineau; that the transfer of the said real property first hereinabove described to said Defendant, Mrs. F. M. Gallineau, was not made in satisfaction of any debt owing said Defendant, Mrs. F. M. Gallineau by said G. H. Gallineau; that there was no consideration for the deed to Defendant, Mrs. F. M. Gallineau, from said Jack Munson; that Defendant, Mrs. F. M. Gallineau, held the title to said real property first hereinabove described, in trust for her son, G. H. Gallineau, and for his benefit; that the transfer of said property to the Plaintiff and Cross-Defendant herein by said Defendant, Mrs. F. M. Gallineau, was in violation of said trust, and said Plaintiff and Cross-Defendant took title to said real property impressed with said trust; that Defendant and Cross-Plaintiff, Emma Benson, has succeeded to all the rights of said G. H. Gallineau and is now entitled to what said G. H. Gallineau owned and also to have said trust enforced in her favor upon the payment of said balance of said purchase price of Fifteen Dollars ($15.00); that said Defendant and Cross-Plaintiff is the owner of said real property first hereinabove described upon the payment of said sum of Fifteen Dollars ($15.00)."

In accordance with said findings judgment was entered reforming said agreement as prayed for, and decreeing that said defendant and cross-complainant Emma Benson was the owner of said real property subject to the payment of $15 to the estate of George H. Gallineau, deceased, and that defendant, Mrs. F. M. Gallineau, and plaintiff, Rena Boehle, have no interest in said property.

Appellant's first contention is that the party under whom the respondent claims, namely, George H. Gallineau, now deceased, had no interest in the property, and any agreement with George H. Gallineau would not be enforceable against the actual owner or her successor in interest. Appellant argues that upon the undisputed evidence in the record it must be held that she is the owner of the real property in question, in fee. There is evidence in the record that appellant and her mother, Mrs. F. M. Gallineau, both testified that the son purchased the property and had title put in his mother's name to settle a debt between them, and denied that there was any gift of the property, but the court found that no debt existed.

Furthermore, during his lifetime G. H. Gallineau dealt with the property as though it was his own. The yearly bill

for taxes was sent to his business address, and the evidence shows that he paid the tax bills as they were marked paid and there were many of the cancelled checks signed by G. H. Gallineau.

George H. Gallineau had also paid the interest on the $600 lien against the property as indicated by the letter receipts. Theft insurance on the property was also paid by George, as was the tax redemption certificate. There were title company receipts to George.

The agreement to sell the property to Mrs. Benson is a further act of ownership on the part of G. H. Gallineau, as well as the payment of rent directly to George, and then, after the sale agreement, the deposit of the purchase payments in the bank to the account of George.

Even with the knowledge of Mrs. Benson's acts of ownership of constructing permanent improvements on the property worth several thousand dollars, Mrs. F. M. Gallineau, the record title holder, was willing to let her son handle the property as though it was his own.

Mrs. Jean L. Gallineau, the wife of George, testified that she knew that her husband owned the property during his lifetime and that his mother was merely holding title thereto for convenience.

Moreover, the decedent told respondent that he owned the property and that all of his property was in his mother's name.

In view of this and other evidence in the record we are satisfied that there is ample evidence in the record to support the finding of the trial court that appellant "has not been and is not now, the owner of" the real property in controversy.

Appellant next contends that the finding that respondent, Emma Benson, was purchasing the real property under a written agreement is not supported by the evidence. Appellant asserts that the writing is not a contract or agreement for purchase and sale but a simple receipt. Said writing is as follows:

"December 7, 1944.

"Received of Mrs. Chris Benson one hundred dollars $100.00 on purchase price of property valued not to exceed $2,400.00. Located on Lot 5 Block 7 at Soda Bay Springs.

G. H. Gallineau

"Witness
H. S. Twede."

Appellant argues that at most the evidence indicates an intention to secure or enter into a contract which intention was not in fact carried out.

We do not agree with appellant's contention that the agreement does not satisfy the statute of frauds. In the case of *Cavanaugh* v. *Casselman*, 88 Cal. 543 [26 P. 515], the court said:

"It is not necessary that the plaintiff should himself sign the agreement . . . in order to enable him to enforce it against the defendant. The statute of frauds requires the contract, or some note or memorandum thereof, to be in writing, but it need be subscribed only by the party to be charged. [Citation.] . . . The 'writing' in question is sufficient to satisfy the statute. It sufficiently names the parties and the price, and gives a complete description of the property. It is also subscribed by the defendant, who is the party to be charged."

The memorandum here names the parties, the price, a description, and is subscribed by the owner.

The payment of the $100 by respondent is a sufficient acceptance of the terms of the contract. (*Benson* v. *Shotwell*, 87 Cal. 49 [25 P. 249, 681].)

Section 3388 of the Civil Code provides:

"A party who has signed a written contract may be compelled specifically to perform it, though the other party has not signed it, if the latter has performed, or offers to perform it on his part, and the case is otherwise proper for enforcing specific performance."

The contract in this case was for the purchase of land. There was part performance, as respondent paid $100 down when the contract was made out and was in possession at that time and remained continuously in possession. Respondent had paid all of the purchase price except $15, and in addition had placed improvements thereon totaling $3,500. Nothing remained to be done but deliver the deed. That a contract is enforceable under such circumstances, see 23 California Jurisprudence, section 11, page 430; *Peixouto* v. *Peixouto*, 40 Cal. App. 782 [181 P. 830]; *Hart* v. *Erickson*, 63 Cal.App.2d 719 [147 P.2d 414].

No other points raised require discussion.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.